Skipi Lundquist SMOOT,
et al., Plaintiffs,

v.

The CITY OF PLACENTIA,
et al., Defendants.

No. SACV 95–823 GLT [GY].

United States District Court,
C.D. California.

Jan. 14, 1997.

Jerry L. Steering, Beverly Hills, CA, for plaintiffs.

Bruce D. Praet, Ferguson, Praet & Sherman, Santa Ana, CA, for defendants.

### ORDER ON MOTION FOR SUMMARY ADJUDICATION

TAYLOR, District Judge.

The court determines the applicable standard of proof in a Section 1983 Fourteenth Amendment due process claim for loss of companionship of a child is "deliberate indifference or reckless disregard."

### I. BACKGROUND

Blake Lundquist ("Decedent") was shot and killed during a drug arrest by two Placentia police officers. Decedent's minor daughter, (through her mother as Guardian ad litem) and Decedent's own mother, each brought suit against the City of Placentia and the officers. They asserted claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, and for wrongful death. Decedent's mother was not dependent on Decedent.

■ This Court previously granted summary judgment for Defendants on all of Decedent's mother's claims, except her Fourteenth Amendment due process loss of companionship claim. Defendants now move for summary adjudication on the first-impression issue of the standard of proof to be applied to Decedent's mother's Section 1983 due process claim for "loss of companionship" of an adult child. The Court concludes the applicable standard of proof is "deliberate indifference or reckless disregard."

## II. *DISCUSSION*

This Court previously held Decedent's mother could maintain a Fourteenth Amendment due process action against Defendants for loss of companionship of her adult child. The Court was persuaded by the district court decision in *Reynolds v. County of San Diego,* addressing a similar issue. 858 F.Supp. 1064 (S.D.Cal.1994), *modified on other grounds by,* 84 F.3d 1162 (9th Cir. 1996). In *Reynolds,* the district court concluded a parent's companionship interest "is not extinguished as a matter of law when an adult child leaves his parents' home and marries. The parent of such a child may state a cause of action under § 1983 when she alleges that the state terminated her parent-child relationship without due process of law." *Id.* at 1070. In other settings, the Ninth Circuit had previously interpreted the Due Process Clause to protect against the unlawful termination of the parent-child relationship. *See Curnow v. Ridgecrest Police,* 952 F.2d 321, 325 (9th Cir.1991), *cert. denied,* 506 U.S. 972, 113 S.Ct. 460, 121 L.Ed.2d 369 (1992); *Smith v. City of Fontana,* 818 F.2d 1411, 1418 (9th Cir.1987), *cert. denied,* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). Adopting the *Reynolds* ruling, this court held Decedent's mother's Section 1983 due process claim was viable.

■ Decedent's mother's case is not covered by the "objective reasonableness" proof standard applied in Section 1983 excessive force cases [1] because her case is not based on that theory. Fourth Amendment rights are personal rights which may not be vicariously asserted. *Alderman v. United States,* 394 U.S. 165, 174, 89 S.Ct. 961, 966–67, 22 L.Ed.2d 176 (1969); *see also Crumpton v. Gates,* 947 F.2d 1418, 1422 (9th Cir. 1991). Decedent's mother was not herself subjected to excessive force, so she cannot maintain a personal Section 1983 Fourth Amendment cause of action. *Smith v. City of Fontana,* 818 F.2d at 1417.[2] Neither can Decedent's mother maintain a 1983 claim as Decedent's survivor because she was not dependent on decedent.[3]

■ Decedent's mother's Section 1983 claim is based on her substantive due process right to the companionship of her child. *See Reynolds,* 858 F.Supp. at 1070. Thus, the proof standard for her claim is not "reasonableness" or even gross negligence. The Ninth Circuit has held in other settings that "[b]are gross negligence is never sufficient to sustain a § 1983 claim for a substantive due process violation." *Lewis v. Sacramento County,* 98 F.3d 434, 440 (9th Cir.1996); *see also L.W. v. Grubbs,* 92 F.3d 894, 896–900 (9th Cir.1996) (rejecting the "gross negligence" standard). When a claim is allowed for violation of substantive due process rights, "deliberate indifference or reckless disregard" is the minimum standard. *Lewis,* 98 F.3d at 441. Other cases reach a similar result. *See, e.g., Collins v. City of Harker*

---

1. *See, e.g., Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 1873, 104 L.Ed.2d 443 (1989).

2. In *Smith,* both the wife of the deceased, as the administrator of his estate, and the children of the deceased, in their individual capacities, asserted claims for relief under the Fourth Amendment. In analyzing the children's claim, the Ninth Circuit held "[t]he children were not directly subjected to the excessive use of state force and therefore cannot maintain personal causes of action under section 1983 in reliance on this Fourth Amendment theory." 818 F.2d at 1417. The *Smith* court later held the children could maintain a Fourteenth Amendment action based on their loss of companionship with their father. *Id.* at 1419–20.

3. Federal courts borrow from state wrongful death statutes in determining whether a party has standing to assert an excessive force claim which amounts to a survivor's federal wrongful

death claim. *See Bell v. City of Milwaukee,* 746 F.2d 1205, 1235–1241 (7th Cir.1984); *Reynolds,* 858 F.Supp. at 1069. Standing to assert a wrongful death claim is governed by California Code of Civil Procedure section 377.60, which states in relevant part:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:
>
> (a) The decedent's surviving spouse, children, and issue of deceased children, or, if none, the persons who would be entitled to the property of the decedent by intestate succession.
>
> (b) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents....

*Heights,* 503 U.S. 115, 127–130, 112 S.Ct. 1061, 1069–71, 117 L.Ed.2d 261 (1992) (safety and security in the workplace); *City of Canton v. Harris,* 489 U.S. 378, 387, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989) (inadequate training of police officers); *L.W. v. Grubbs,* 92 F.3d at 900 (dangerous work environment in prison hospital); *Wood v. Ostrander,* 879 F.2d 583, 588 (9th Cir.1989), *cert. denied,* 498 U.S. 938, 111 S.Ct. 341, 112 L.Ed.2d 305 (1990) (police detainee's interest in personal security).[4]

### III. *DISPOSITION*

Pursuant to *Lewis,* the Court holds the standard of proof applicable in a Fourteenth Amendment due process claim for loss of companionship of a child is "deliberate indifference or reckless disregard."[5]

---

**4.** The Ninth Circuit has not burdened Plaintiffs with a standard *higher* than "deliberate indifference or reckless disregard," such as "shocking to the conscience." As the court observed in *Lewis v. Sacramento County,* "[d]eliberate indifference is the greatest degree of misconduct we have previously required a plaintiff to prove to sustain a § 1983 action against a law enforcement officer for violating rights protected by the Fourteenth Amendment's Due Process Clause." 98 F.3d at 441.

**5.** This ruling is not inconsistent with *Reynolds v. County of San Diego* in the Court of Appeals, 84 F.3d 1162 (9th Cir.1996). Although the opinion discussed defendant's actions in terms of what was "objectively reasonable," the issue was entitlement to *qualified immunity,* not deprivation of due process.